UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
NEWARK DIVISION

JULENE J. WILLIAMS,

  Plaintiff,         Case No.: 2:14-cv-07404 (KM)(MAH)

vs.

ENHANCED RECOVERY COMPANY, LLC

  Defendant.
_____/

### DEFENDANT, ENHANCED RECOVERY COMPANY, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, Enhanced Recovery Company, LLC (ERC or "Defendant"), by and through its undersigned counsel, hereby files its Answer and Affirmative Defenses to Plaintiff's Complaint filed by Plaintiff, Julene J. Williams ("Plaintiff").

### NATURE OF THE ACTION

1. ERC admits that Plaintiff brings this action against it for alleged violations of the FDCPA, but denies any violation of the foregoing law.

### JURISDICTION AND PARTIES

2. ERC admits that the United States District Court for the District of New Jersey has jurisdiction to entertain this action.

3. ERC admits that Plaintiff is a natural person but is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 3 of the Complaint and, therefore, denies the allegations.

4. ERC admits that it is a limited liability company organized under the laws of Delaware, that it has its principal place of business at 8014 Bayberry Road, Jacksonville, Florida 32256, that it is engaged in the business of providing collection services on behalf of its customers, and that its registered agent in the state of New Jersey is Corporation Trust Company.

## FACTS

5. ERC admits that it does not extend credit, sell goods, or services to consumers.

6. ERC admits that it is engaged in the business of providing collection services on behalf of its customers and it uses the mails and telephones in conducting its business. ERC denies the remainder of the allegations contained in paragraph 6 of the Complaint.

7. ERC admits that it is engaged in the business of providing collection services on behalf of its customers; ERC is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 7 and, therefore, denies the allegations.

8. ERC admits that it sent a letter to Plaintiff on or about December 9, 2013 regarding an account placed with it by its customer Sprint for collection.

9. ERC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint and, therefore, denies the allegations.

10. ERC admits that Exhibit A reflects the letter sent to Plaintiff, otherwise denied.

11. ERC admits that the account at issue was referred to ERC for collection of amounts due.

12. ERC admits that the letter appearing at Exhibit A of the Complaint was the initial written communication with Plaintiff.

13. ERC states that 15 U.S.C. § 1692g speaks for itself, otherwise denied.

14. ERC admits that the FDCPA provides certain rights concerning the validation of debts. ERC denies that it violated any such rights.

15. ERC states that Exhibit A speaks for itself, otherwise denied.

16. ERC states that Exhibit A speaks for itself, otherwise denied.

17. ERC states that Exhibit A speaks for itself, otherwise denied.

18. ERC states that Exhibit A speaks for itself, otherwise denied.

19. ERC admits that it sent a second letter to Plaintiff on or about February 8, 2014 and that it is reflected by Exhibit B of the Complaint.

20. ERC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint and, therefore, denies the allegations.

21. ERC states that Exhibit A and Exhibit B speak for themselves.

22. ERC states that Exhibit B speaks for itself, otherwise denied.

## FAIR DEBT COLLECTION PRACTICES ACT

### FIRST COUNT

23. ERC responds to the allegations in the preceding and following paragraphs of the Complaint as set forth in the corresponding paragraphs of this Answer.

24. ERC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint and, therefore, denies the allegations.

25. ERC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint and, therefore, denies the allegations.

26. ERC is engaged in the business of providing collection services on behalf of its customers; the remainder of the allegations in paragraph 26 of the Complaint contain legal conclusions and, therefore, contain no allegations to which ERC can respond; to the extent the allegations do not state a legal conclusion, ERC denies the allegations.

27. ERC admits that Exhibit A speaks for itself; the remainder of the allegations in paragraph 27 of the Complaint contain legal conclusions and, therefore, contain no allegations to which ERC can respond.

28. ERC states that 15 U.S.C. § 1692g speaks for itself.

29. ERC states that the provisions of the Fair Debt Collection Practices Act speak for themselves.

30. ERC denies the allegations contained in paragraph 30 of the Complaint.

31. ERC denies the allegations contained in paragraph 31 of the Complaint.

## SECOND COUNT

32. ERC responds to the allegations in the preceding and following paragraphs of the Complaint as set forth in the corresponding paragraphs of this Answer.

33. ERC admits that Exhibit B speaks for itself; the remainder of the allegations in paragraph 33 of the Complaint contain legal conclusions and, therefore, contain no allegations to which ERC can respond.

34. ERC denies the allegations contained in paragraph 34 of the Complaint.

35. ERC denies the allegations contained in paragraph 35 of the Complaint.

36. ERC denies all allegations of the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim for which relief may be granted under the Fair Debt Collection Practices Act because the letters attached to the Complaint as Exhibit A and Exhibit B do not violate the FDCPA.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff failed to state a claim for actual damages as Plaintiff failed to set forth any facts to support such a claim.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are barred because the alleged misrepresentations by ERC were not material.

### CLAIM FOR ATTORNEYS' FEES

On information and belief, this action was brought against, or has been continued against, ERC in bad faith and for the purposes of harassment and ERC seeks its costs and fees in defending this action under 15 U.S.C. § 1692k(3).

### PRAYER FOR RELIEF

WHEREFORE, Defendant respectfully requests that the Court enter judgment against Plaintiff and in favor of Defendant in connection with all claims for relief in the Complaint,

award Defendant its reasonable attorneys' fees and costs, and for such other and further relief as the Court deems just and equitable.

Dated: December 3, 2014

/s Peter G. Goodman
    Peter G. Goodman

SMITH, GAMBRELL & RUSSELL, LLP
1301 Avenue of the Americas, 21st Floor
New York, New York 10019
Tel: (212) 907-9700
pgoodman@sgrlaw.com

*Attorneys for Defendant*
*Enhanced Recovery Company, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 3, 2014 a true and correct copy of Defendant Enhanced Recovery Company, LLC's Answer and Affirmatives Defenses to Plaintiff's Complaint was served electronically on the persons listed below via the Court's ECF System:

Yongmoon Kim, Esq.
Kim Law Firm LLC
411 Hackensack Avenue, Suite 200
Hackensack, New Jersey 07601
*Attorneys for Plaintiff*

Dated: December 3, 2014

/s Peter G. Goodman
    Peter G. Goodman